**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

CHRISTOPHER MORRISHAW,

                  Plaintiff,

v.                                          No. 09-CV-527
                                                   (DNH/DRH)

ROBERT DRUGER, Opthamologist New York
State Department of Corrections,

                  Defendant.

---

**APPEARANCES:**                            **OF COUNSEL:**

CHRISTOPHER MORRISHAW
Plaintiff Pro Se
07-A-0433
Clinton Correctional Facility
Post Office Box 2002
Dannemora, New York 12929

HON. ANDREW M. CUOMO              BRIAN J. O'DONNELL, ESQ.
Attorney General for the                   Assistant Attorney General
   State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

    Plaintiff pro se Christopher Morrishaw ("Morrishaw"), an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendant, an ophthalmologist with DOCS, violated his constitutional rights under the Eighth Amendment. Compl. (Dkt. No. 1). Presently pending

---

      [1]This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

is defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. No. 17. Morrishaw has failed to respond to the motion.[2] For the following reasons, it is recommended that defendant's motion be granted and that the complaint be dismissed.

## I. Background

The facts are related herein in the light most favorable to Morrishaw. as the non-moving party See Ertman v. United States, 165 F.3d 204, 206 (2d Cir.1999).

Sometime before February 2009, Morrishaw was evaluated by defendant Dr. Druger at Walsh Regional Medical Unit ("Walsh"). Compl. at 4. Morrishaw was prescribed Xalantan drops at the appointment to attempt to prevent an onset of glaucoma. Id. at 5. Morrishaw took the drops for a few weeks and began experiencing blurry vision. Id. at 7. At his next appointment, Morrishaw told Dr. Druger about his reaction to the drops and Dr. Druger told Morrishaw to keep taking the drops as prescribed. Id. Morrishaw continued taking the drops, but they "didn't help [and he] kept informing [Dr. Druger about their ineffectiveness] everytime [Morrishaw] went to see [Dr. Druger]." Id.

On February 23, 2009, Dr. Druger conducted a visual field test on Morrishaw which concluded that his vision "was very poor," potentially from an "on set [of] glaucoma . . . ."

---

[2] Morrishaw submitted a letter requesting an extension of time to respond to defendant's motion. Dkt. No. 18. The request was granted, giving Morrishaw until January 8, 2010. Dkt. No. 19. The deadline passed without response from Morrishaw. On January 25, 2010, the court, sua sponte, extended Morrishaw's deadline to respond again until March 1, 2010. Dkt. No. 20. This deadline has also expired, without any response from Morrishaw. In addition, in a letter received February 1, 2010, Morrishaw requested to file an amended complaint. Dkt. No. 21. That request was stricken from the record in an order filed February 2, 2010 for multiple procedural defects but with leave to re-file properly. Dkt. No. 22. That motion has never been re-filed.

Compl. at 7.  To confirm that the problem was with Morrishaw's eyes, he was sent to a neurologist for testing, who determined that his neurological functioning was normal.  Id. Morrishaw says that presently, his vision is "fading fast and because of the long delays . . . has gotten extremely worse."  Id. at 8.  This action followed.

## II.  Discussion

Morrishaw claims that his Eighth Amendment rights were violated when Dr. Druger failed to respond to his complaints that his eye drops were ineffective, essentially allowing his glaucoma to worsen.  Defendant moves for dismissal claiming that Morrishaw has failed to state an Eighth Amendment claim and that Dr. Druger is entitled to qualified immunity.

### A. Legal Standard

Rule 12(b)(6) authorizes dismissal of a complaint that states no actionable claim.  When considering a motion to dismiss, "a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994).  However, this "tenet . . . is inapplicable to legal conclusions[; thus, t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007) (holding that "entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . [as] courts are not bound to accept as true a legal conclusion couched as a factual allegation.")).

Accordingly, to defeat a motion to dismiss, a claim must include "facial plausibility . . . that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556 (explaining that the plausibility test "does not impose a probability requirement . . . it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct].")); see also Arar v. Ashcroft, 585 F.3d 559, 569 (2d Cir. 2009) (holding that, "[o]n a motion to dismiss, courts require enough facts to state a claim to relief that is plausible . . . .") (citations omitted). Determining whether plausibility exists is "a content specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950-51.

When, as here, a party seeks summary judgment against a pro se litigant, a court must afford the non-movant special solicitude. Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir.2006); see also Sealed Plaintiff v. Sealed Defendant # 1, 537 F.3d 185, 191-92 (2d Cir.2008) ("On occasions too numerous to count, we have reminded district courts that 'when [a] plaintiff proceeds pro se, ... a court is obliged to construe his pleadings liberally.' " (citations omitted)).

### B. Eighth Amendment

The Eighth Amendment explicitly prohibits the infliction of "cruel and unusual punishment." U.S. Const. amend. VIII. This prohibition extends to the provision of medical care. Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994). The test for a § 1983 claim is twofold. First, the prisoner must show that the condition to which he was exposed was

4

sufficiently serious. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Second, the prisoner must show that the prison official demonstrated deliberate indifference by having knowledge of the risk and failing to take measures to avoid the harm. Id. "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." Id. at 844.

"'Because society does not expect that prisoners will have unqualified access to healthcare,' a prisoner must first make [a] threshold showing of serious illness or injury" to state a cognizable claim. Smith v. Carpenter, 316 F.3d 178, 184 (2d Cir. 2003)(quoting Hudson v. McMillian, 503 U.S. 1,9 (1992)). Because there is no distinct litmus test, a serious medical condition is determined by factors such as "(1) whether a reasonable doctor or patient would perceive the medical need in question as 'important and worthy of comment or treatment,' (2) whether the medical condition significantly affects daily activities, and (3) the existence of chronic and substantial pain." Brock v. Wright, 315 F.3d 158, 162-63 (2d Cir. 2003) (citing Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998)). The severity of the denial of care should also be judged within the context of the surrounding facts and circumstances of the case. Smith, 316 F.3d at 185.

Deliberate indifference requires the prisoner "to prove that the prison official knew of and disregarded the prisoner's serious medical needs." Chance, 143 F.3d at 702. Thus, prison officials must be "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Estelle v. Gamble, 429 U.S. 97, 104 (1976). "Mere disagreement over proper treatment does not create a constitutional claim" as long as the treatment was adequate. Chance, 143 F.3d at 703. Thus, "disagreements over

5

medications, diagnostic techniques (e.g., the need for X-rays), forms of treatment, or the need for specialists . . . are not adequate grounds for a section 1983 claim." Sonds v. St. Barnabas Hosp. Corr. Health Servs., 151 F. Supp. 2d 303, 312 (S.D.N.Y. 2001).

In this case, defendant does not dispute that Morrishaw suffers from a serious medical need. Def. Mem. of Law (Dkt. No. 17-2) at 6. However, defendant does argue that Morrishaw failed to establish deliberate indifference to his medical needs. While Morrishaw's complaint fails to allege dates and times of his appointments with Dr. Druger, it is undisputed that Dr. Druger evaluated Morrishaw and prescribed him eye drops to attempt to lessen the pressure in his eyes and combat glaucoma. Compl. at 5; see also Def. Mem. of Law at 4 n.2 (explaining that Xalantan was advertised as "the #1 Prescribed Eye Pressure-Lowering Medicine."). Dr. Druger also had follow-up appointments with Morrishaw. Id. at 7. Dr. Druger also conducted diagnostic testing and sent Morrishaw to a neurologist to definitively diagnose his vision problems. Id. Such contentions indicate an adequate treatment history and controvert claims of deliberate indifference. To the extent that Morrishaw is claiming that, when he advised Dr. Druger that the drops were making his eyes blurry, another prescription should have been ordered, such contentions are nothing more than a disagreement in the method of treatment. Such disagreements are insufficient to establish a basis for an Eighth Amendment claim. Sonds, 151 F. Supp. 2d at 312.

It appears that Morrishaw is alleging liability based upon a bad result. Morrishaw was "informed that [he] would be diagnosed with glaucoma," and given drops to attempt to prevent its progression. Compl. at 4-5. The fact that Morrishaw's condition progressed to glaucoma, while an unfortunate result, is insufficient by itself to state a claim for deliberate indifference. Morrishaw received appropriate treatment by his own admission, including

evaluation, follow-up appointments, prescription eye drops, diagnostic testing, and confirmatory evaluation. See Dean v. Coughlin, 804 F.2d 207, 215 (2d Cir. 1986) ("The Constitution does not command that inmates be given the kind of medical attention that judges would wish to have for themselves. The essential test is one of medical necessity and not one simply of desirability.") (internal quotation marks and citations omitted).

At worst, it could be argued that Dr. Druger's provision of the eye drops was negligent given Morrishaw's complaints of blurriness. However, such contentions are still insufficient to support an Eighth Amendment claim. See Estelle , 429 U.S. at 107. Negligence is insufficient to establish deliberate indifference. Id. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). The complaint contains no allegations sufficient to support a claim that Dr. Druger acted with any malicious or sadistic intent.

Lastly, to the extent that Morrishaw has claimed "long delays" and worsening vision, such claims are conclusory and insufficient to state a plausible claim for relief. Additionally, these conclusory claims are belied by the admissions already contained in the complaint.

Accordingly, defendant's motion to dismiss should be granted on this ground.

### C. Qualified Immunity

Dr. Druger claims that even if Morrishaw's constitutional claims are substantiated, he is entitled to qualified immunity. Qualified immunity generally protects governmental officials from civil liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald,

457 U.S. 800, 818 (1982); Aiken v. Nixon, 236 F. Supp. 2d 211, 229-30 (N.D.N.Y. 2002) (McAvoy, J.), aff'd, 80 Fed.Appx. 146 (2d Cir. Nov. 10, 2003). However, even if the constitutional privileges "are clearly established, a government actor may still be shielded by qualified immunity if it was objectively reasonable for the . . . official to believe that his [or her] acts did not violate those rights." Smith v. City of Albany, No. 03-CV-1157, 2006 WL 839525 *16 (N.D.N.Y. Mar. 27, 2006) (quoting Kaminsky v. Rosenblum, 929 F.2d 922, 925 (2d Cir. 1991); Magnotti v. Kuntz, 918 F.2d 364, 367 (2d Cir. 1990) (internal citations omitted)).

A court must first determine whether, if plaintiff's allegations are accepted as true, there would be a constitutional violation. Saucier v. Katz, 533 U.S. 194, 201 (2001). Only if there is a constitutional violation does a court proceed to determine whether the constitutional rights, of which a reasonable person would have known, were clearly established at the time of the alleged violation. Aiken, 236 F. Supp. 2d at 230. Here, the second prong of the inquiry need not be reached concerning Morrishaw's claims because, as discussed supra, accepting all of Morrishaw's allegations as true, he has not shown that Dr. Druger violated his constitutional rights.

Accordingly, in the alternative, Dr. Druger's motion should be granted on this ground.

### III. Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that defendant's motion to dismiss (Dkt. No.17) be **GRANTED** in all respects and the complaint be **DISMISSED** against Dr. Druger as to all claims.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)). **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: May 25, 2010
       Albany, New York

*David R. Homer*
United States Magistrate Judge